UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

SERENDIP LLC,

                       Plaintiff,

           vs.

NEOCHROME, MUSICAST &
NICOLAS SALVADORI,

                       Defendants.

-------------------------------------------------------- x

16 CV 02478 (---)

**COMPLAINT &
JURY DEMAND**

      Plaintiff Serendip LLC for its Complaint for copyright infringement, alleges as follows:

## PARTIES

      1.    Plaintiff Serendip LLC (hereinafter "Serendip") is a limited liability company formed under the laws of the State of New York, with its principal place of business in this District, and is the owner of the copyrights in Wendy Carlos's music works and master sound recordings.

      2.    Upon information and belief, defendant Néochrome (hereinafter "Néochrome") is a foreign business entity record label formed under the laws of France, with its principal place of business in France, which produces and sells rap music albums, and produces promotional videos for albums for uploading to YouTube.com and other websites.

      3.    Upon information and belief, defendant Musicast (hereinafter "Musicast") is a foreign business entity formed under the laws of France, with its principal place of business in France, which distributes Néochrome albums for retail sale on physical media,

such as compact discs, and in digital form, such as downloads from the Apple iTunes music store. Upon information and belief, Musicast uploads videos promoting Néochrome albums to YouTube.com and other websites under the user name Néochrome Officiel.

4. Upon information and belief, defendant Nicolas Salvadori (hereinafter "Salvadori") is a foreign individual residing in France, who performs and records rap music albums using the moniker "Seth Gueko" for defendant Néochrome. Defendants Néochrome, Musicast and Salvadori are sometimes referred to collectively hereinafter as "Defendants."

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* under 28 U.S.C. § 1338(a).

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c)(3), because the subject copyrights are situated in this district and the defendants do not reside in the United States.

## BACKGROUND FACTS

7. Wendy Carlos arranged, orchestrated, performed and recorded music of J.S. Bach on the 1968 album "Switched-On Bach", which won three Grammy awards and served to propel Carlos and electronic music with the Moog synthesizer into the public consciousness, while spending many weeks on the lists of top selling classical and popular music albums. After a follow-up album which further demonstrated the unmatched style and quality of Carlos's music, Stanley Kubrick became interested in obtaining the services of Carlos to provide music for the motion picture "A Clockwork Orange", theatrically released by Warner Bros. in 1971. Pursuant to an agreement with Kubrick's production company, Wendy Carlos composed or arranged, orchestrated, performed and recorded six pieces of music over a period of more than one year for specific use in the soundtrack and trailer of the motion picture. "A Clockwork Orange" made the

American Film Institute's list of 100 greatest motion pictures, and also appears on lists of the best motion picture music soundtracks.

8. Compensation for the use of Wendy Carlos's music comes from royalties from sales of recorded media such as compact discs, performing rights royalties when the music is heard on radio, television or other venues pursuant to blanket licensing, and specific mechanical, synchronization and master use licenses required when the music is used in connection with audio recordings, motion picture, television or other video images, and radio or Internet uses. In general, following the early years after an album is released, the primary source of revenue for popular pieces of music arises from synchronization and master use licenses, and Serendip receives far more license requests for music from "A Clockwork Orange" soundtrack than any other music by Wendy Carlos.

9. With the advent of the Internet and websites such as eBay.com and YouTube.com, Serendip has been forced to monitor the content of such sites for the sale of pirate copies of Wendy Carlos's albums or the posting of her music on websites, unauthorized by Serendip or the law. In so doing, Serendip makes use of provisions of the Digital Millennium Copyright Act (DMCA), pursuant to 17 U.S.C. § 512, to protect Serendip's copyrights. Upon information and belief, since 1998, Serendip has found hundreds of unauthorized phonorecords of Wendy Carlos's music for sale on eBay.com or other websites, and since 2007, thousands of unauthorized uses of her music on YouTube.com, with the majority utilizing Wendy Carlos's music from "A Clockwork Orange" soundtrack.

### SERENDIP'S COPYRIGHTS

10. Wendy Carlos's music at issue in this action, entitled "Title Music From A Clockwork Orange", was used in the soundtrack of the motion picture "A Clockwork Orange." The unpublished score of this music was registered for copyright in 1971, with Registration Certificate EU297051, and the copyright

renewal by Serendip was registered in 2009, with registration certificate RE 930-776. The master sound recordings for the music used in "A Clockwork Orange" soundtrack were fixed in a phonorecord and registered for copyright in 1972, with Registration Certificate N2920. Serendip, as the present owner of Wendy Carlos's master sound recordings, renewed the copyright in the Clockwork Orange master sound recording, in 2000, with Registration Certificate RE 851-992.

11. The copyright for the master sound recordings for Wendy Carlos's complete score music for "A Clockwork Orange", including music not used in the motion picture, as published on a phonorecord, was registered by Serendip in 2007, with Registration Certificate SR0000610074.

12. Serendip is the owner of the copyrights in Wendy Carlos's music and sound recording works relevant to the present claims of this action. Serendip has never assigned the copyrights in such music and sound recording works to any other entity.

## COPYRIGHT INFRINGEMENT

13. Serendip incorporates by reference paragraphs 1 – 12 as if set forth herein.

14. Unbeknownst to, and without permission or license from, Serendip, defendant Salvadori made derivative works of the music and sound recording works "Title Music From A Clockwork Orange" by Wendy Carlos in the rap music track entitled "Dés Que" contained in the Seth Gueko album "Patate de Forain", produced and released for public sale by Néochrome and distributed by Musicast. A video with performance by Salvadori of the "Dés Que" track was uploaded to YouTube.com, with the user name Néochrome Officiel, upon information and belief by Clément Martin of Musicast, promoting sales of the track on CD albums as well as downloads on sites such as Apple iTunes, on behalf of the Defendants.

15. When Defendant Salvadori recorded his performance of "Dés Que",

4

he incorporated an approximately 11 second recorded "sample" taken from a phonorecord of Wendy Carlos's "Title Music From A Clockwork Orange." The sample was used by Salvadori as a clearly audible background music accompaniment, looped continuously, starting about 5 seconds into the performance and repeated more than ten times, until fading out near the end of the approximately 2 minute and 20 second "Dés Que" piece.

16. Defendants' derivative use of Wendy Carlos's music and recording would require two individual copyright licenses: a mechanical license for reproducing the music and a master use license for using the sound recording for "Title Music From A Clockwork Orange." Wendy Carlos's works for "A Clockwork Orange" have been licensed by Serendip on multiple occasions, with individual copyright license fees offered by licensees as high as $30,000, and Serendip has established a minimum individual license fee of $5,000 for any of Wendy Carlos's music. Defendants' gratuitous and unlicensed use of Serendip's copyrighted works has a deleterious effect on the potential future market and value of these works.

17. Defendants are fully aware that Wendy Carlos's music and sound recording works are copyrighted and have actual or constructive notice that the copyrights for the works are registered by Serendip in the United States Copyright Office. However, Defendants did not contact Serendip or Wendy Carlos, or anyone, to inquire about obtaining the required copyright licenses for their proposed use.

18. On March 16, 2016, Serendip submitted to YouTube.com a DMCA takedown notice pursuant to 17 U.S.C. § 512(c)(1)(C), alleging that Defendants' video use of Serendip's copyrighted music and sound recording works was not authorized by Serendip or the law. After YouTube disabled access to Defendants' video on YouTube.com, Clément Martin of Musicast submitted a DMCA counter-

notification pursuant to 17 U.S.C. § 512(g)(2), alleging that the video was removed due to a mistake or misidentification of the material to be removed, and consenting to jurisdiction of a Federal District Court in the United States. On or about March 21, 2016, YouTube provided Serendip with a copy of the counter-notification, and notified Serendip and Musicast that, as a result of the counter-notification, Serendip must file a federal court action within 10 business days or YouTube may reinstate the video to YouTube.com.

19. Defendants have infringed Serendip's exclusive rights in its registered copyrighted music and sound recording works by, *inter alia*, preparing a derivative music work based upon Serendip's copyrighted works, reproducing these works in copies and phonorecords, distributing digital copies and compact discs of these works to the public for sale on U.S. sites including, without limitation, Amazon.com and Apple iTunes music store, publicly performing these works by means of a digital audio transmission in a video uploaded to YouTube.com, and elsewhere on the Internet. Defendants therefore have directly infringed Serendip's exclusive rights of reproduction, preparation of derivative works, distribution to the public by sale and public performance of musical and sound recording works under 17 U.S.C. § 106(1), (2), (3), (4) and (6).

20. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Serendip's rights.

21. As a direct and proximate result of Defendants' infringement of exclusive rights under Serendip's copyrights, Serendip is entitled to the maximum statutory damages for each copyright pursuant to 17 U.S.C. § 504.

21. Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Serendip great and irreparable injury that cannot fully be measured or compensated in money. Serendip is without an adequate remedy at law. Pursuant to 17 U.S.C. § 502, Serendip is entitled to a permanent injunction

prohibiting the Defendant from taking any action which infringes any of the exclusive rights under Serendip's copyrights in the respective music and sound recording works, including, without limitation, uploading a video containing any such work to YouTube.com or any other website, and distributing copies or phonorecords of such works by sale or other transfer of ownership, or by rental lease or lending.

WHEREFORE, Serendip prays for relief against Defendants, jointly and severally, as follows:

(a)     for a declaration that Defendants have willfully infringed Serendip's copyrights, including without limitation, the music copyright and the sound recording copyright for "Title Music From A Clockwork Orange;"

(b)     that, pursuant to 17 U.S.C. § 504, Serendip be awarded its actual damages and the profits of the Defendants that are attributable to the Defendants' acts of infringement, or, upon Serendip's election, statutory damages;

(b)     that, pursuant to 17 U.S.C. § 502, Defendants be permanently enjoined from infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of, Serendip's copyrights in the music and sound recording works in any manner, including, without limitation, uploading the works to YouTube.com or other website, and distributing copies or phonorecords of the works for sale on any physical media such as CD, or as digital downloads on sites such as Apple iTunes, or as streaming files on sites such as Spotify;

(c)     that, pursuant to 17 U.S.C. § 505, Serendip be awarded its costs and attorneys' fees; and

(d)     such other and further relief to Serendip as this Court may deem to be just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY

Date:      New York, New York

           April 2, 2016

By: _____s/_____
**Annemarie Franklin** (AF-3933)

Annemarie Franklin, Esq.
PO Box 1024 Cooper Station
New York NY 10276-1024
212-475-1630
sdenim@nyc.rr.com

*Attorney for Plaintiff*