UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERENDIP LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>NÉOCHROME, MUSICAST, and NICOLAS SALVADORI,<br><br>                    Defendants. | Civil Action No. 1:16cv02478 (DAB)<br><br>**DEFENDANT MUSICAST'S FIRST AMENDED ANSWER** |

Defendant Musicast ("Musicast") hereby responds to the First Amended Complaint filed by Plaintiff Serendip LLC ("Plaintiff") as follows:

## ANSWER

1. Musicast lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and therefore denies the same on that basis.

2. In answer to Paragraph 2, Musicast admits that Defendant Néochrome ("Néochrome") produces and sells rap music albums and produces promotional videos that have appeared on YouTube.com and other websites, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

3. Musicast denies each and every allegation in Paragraph 3, except admits that Musicast is based in France and has distributed music albums created and produced by Néochrome in physical and digital formats.

4. In answer to Paragraph 4, Musicast admits that Defendant Nicolas Salvadori ("Salvadori") is an individual who has performed and recorded rap music albums using the stage

name "Seth Gueko," but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

5. The allegations in Paragraph 5 purport to state a legal conclusion to which no answer is required; if answer is required, Musicast admits that this action purports to invoke the Court's jurisdiction pursuant to the statutes cited.

6. The allegations in Paragraph 6 purport to state a legal conclusion to which no answer is required; if answer is required, Musicast admits that venue purports to lie in this district and that Musicast is not a resident of the United States, but denies the remaining allegations in Paragraph 6.

7. Musicast lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7, and therefore denies the same on that basis.

8. Musicast lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and therefore denies the same on that basis.

9. Musicast lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9, and therefore denies the same on that basis.

10. Musicast lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10, and therefore denies the same on that basis.

11. Musicast lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and therefore denies the same on that basis.

12. Musicast lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and therefore denies the same on that basis.

13. Musicast lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore denies the same on that basis.

14. In answer to Paragraph 14, Musicast incorporates by reference each and every admission, denial, and allegation set forth above in its response to Paragraphs 1 through 13, inclusive, of the First Amended Complaint.

15. In answer to Paragraph 15, Musicast lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Salvadori, and therefore denies the same on that basis.  As to the allegations concerning Musicast in Paragraph 15, Musicast admits that it has distributed "Dés Que" and "Patate de Forain" and that a video for "Dés Que" previously appeared on YouTube.com, but denies each and every remaining allegation therein, and specifically denies that Musicast has infringed any of Plaintiff's purported rights.

16. Musicast lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and therefore denies the same on that basis.

17. Musicast lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and therefore denies the same on that basis.  Musicast further specifically denies that it has infringed any of Plaintiff's purported rights or that Plaintiff has been harmed in the manner alleged.

18. In answer to Paragraph 18, Musicast admits and alleges that it has not had any contact with Serendip or Wendy Carlos concerning any copyright licenses, but denies each and every of the remaining allegations therein.

19. In answer to Paragraph 19, Musicast admits and alleges that Néochrome received a DMCA notification concerning a video for "Dés Que" posted on YouTube.com by Néochrome and that Clément Martin submitted a counter-notification, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein, and therefore denies the same on that basis.

20. Musicast denies each and every allegation in Paragraph 20.

21. Musicast denies each and every allegation in Paragraph 21.

22. Musicast denies each and every allegation in Paragraph 22.

23. Musicast denies each and every allegation in Paragraph 23.

24. In answer to Paragraph 24, Musicast incorporates by reference each and every admission, denial, and allegation set forth above in its response to Paragraphs 1 through 23, inclusive, of the First Amended Complaint.

25. Musicast denies each and every allegation in Paragraph 25.

26. Musicast denies each and every allegation in Paragraph 26.

## AFFIRMATIVE DEFENSES

Musicast alleges the following as separate and affirmative defenses to the First Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a cause of action against Musicast upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in part by the statute of limitations, 17 U.S.C. § 507.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of fair use.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate the damages it allegedly suffered.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no damages as a result of the claims alleged or, if Plaintiff did, those damages were not directly or proximately caused by Musicast.

## NINTH AFFIRMATIVE DEFENSE

At all times material hereto, Musicast had no reason to believe that its actions constituted copyright infringement.  Musicast's actions were undertaken in good faith and without fraud, oppression, or malice against Plaintiff or its purported rights, thereby precluding any and all claims for maximum statutory or other exemplary damages.

## TENTH AFFIRMATIVE DEFENSE

At all times material hereto, Musicast was not aware, did not materially contribute to, and had no reason to believe that the other defendants' actions constituted copyright infringement. Nor did Musicast have the right or power to control the other defendants' allegedly infringing activity, thereby precluding any and all claims of Musicast's secondary liability for the other defendants' actions.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

### TWELFTH AFFIRMATIVE DEFENSE

The First Amended Complaint does not describe the claims or events with sufficient particularity to permit Musicast to ascertain what other defenses may exist.  Musicast therefore reserves the right to assert additional defenses which may pertain to the First Amended Complaint and any or all claims for relief therein once the precise nature of such claims or events is ascertained.

### **PRAYER FOR RELIEF**

WHEREFORE, Musicast prays for judgment as follows:

a) That Plaintiff take nothing by reason of the First Amended Complaint, as to claims against Musicast;

b) That judgment be entered in favor of Musicast and against Plaintiff;

c) That the Court dismiss the First Amended Complaint in its entirety, as to claims against Musicast;

d) That Musicast be awarded reasonable attorneys' fees;

e) That Musicast be awarded costs of suit herein; and

f) That the Court grant such other and further relief as it deems just and proper.

Dated: October 14, 2016
San Francisco, California

Respectfully submitted,

O'MELVENY & MYERS LLP

By:  /s/ *Tadahiro Kaburaki*
Tadahiro Kaburaki

Geoff Yost (*pro hac vice*)
gyost@omm.com
Tadahiro Kaburaki
tkaburaki@omm.com
Jesse Koehler (*pro hac vice*)
jkoehler@omm.com
Two Embarcadero Center, 28th Floor
San Francisco, California  94111
Tel:  (415) 984-8700
Fax:  (415) 984-8701

Jordan Raphael (*pro hac vice*)
jraphael@omm.com
400 South Hope Street, 18th Floor
Los Angeles, California  90071
Ph: (213) 430-6000
Fx: (213) 430-6407

Attorneys for Defendant
MUSICAST