UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

SERENDIP LLC,

                Plaintiff,

      vs.

NEOCHROME, MUSICAST &
NICOLAS SALVADORI,

                Defendants.

------------------------------------------------------- x

16 CV 02478 (DAB)

**DECLARATION OF ANNEMARIE FRANKLIN**

      Annemarie Franklin, an attorney duly admitted to practice before the Court, declares and states as follows:

      1.    I am the attorney for the Plaintiff in this action and make this declaration in response to this Court's Order To Show Cause regarding service of process upon Defendants Neochrome and Nicolas Salvadori.

      2.    From the outset, this matter, involving alleged copyright infringement in recorded music released in France, and also marketed in the U.S. and other countries, presented difficulties in determining the true identities of the parties and addresses for service of process, because all three Defendants conducted business under names other than their formal business or personal names. Furthermore, a legal notice submitted on behalf of Defendant Musicast, during the course of events leading up to this action, actually served to obfuscate the identity of the business entities, because the notice did not name Musicast and the email address given referenced Neochrome. While pursuing this action, Plaintiff must balance the possible damage awards against the expenses of

prosecution of the case and collection of any judgment against the Defendants, which are all located in France.

3. I ultimately determined that Musicast is the distributor of music albums from the hip hop label Neochrome for which Salvadori recorded the music at issue. Musicast could be served at the street address given in the aforementioned legal notice, but I could find no current business listing for Neochrome, and Nicolas Salvadori is a common name in France. The key to service of the latter two defendants was to obtain through routine discovery the distribution agreement between Musicast and Neochrome, once Musicast had been served, and the recording agreement between Neochrome and Salvadori, once Neochrome had been served.

4. The Clerk of the Court completed service by mail upon Muiscast pursuant to Rule 4 (f) (2) (C) (ii) of the Federal Rules of Civil Procedure, on or about June 20, and counsel for Musicast contacted me by telephone on July 7, 2016. During that call we discussed the requirement to obtain the distribution agreement. Counsel for Musicast asked for a 30 day extension of time to answer the complaint so that he could track down documentation and we could explore possible settlement, which was stipulated and so ordered by this Court. On July 22, we talked again and counsel informed me that he had obtained the distribution agreement and we discussed settlement terms. One week later, counsel requested another 30 day extension of time to answer to obtain additional information and to accommodate his and Musicast's vacation schedules, which was stipulated and so ordered by this Court.

5. Counsel for Musicast did not contact me again until the end of August. In the interim, he did not send me copies of the distribution agreement or other documentation we had discussed. On Sept. 2, counsel requested yet another extension of time to answer, but as he still had not provided the documents. I declined to consent to the extension, and Musicast served its answer to the complaint on Sept. 9.

6. Counsel for Musicast eventually sent a copy of the distribution agreement and another document which I received on Oct. 11. Both documents were of the kind that would be provided routinely pursuant to F.R.C.P. Rule 26. The Feb. 2014 distribution agreement contained a formal business identification and street address in France for Neochrome.

7. I have attempted to confirm Neochrome's continued active business existence and presence at the given address. Unfortunately, I have been unable to do so, including through music industry and official French corporate database sources. In addition, I have heard from a source that Neochrome may have recently entered bankruptcy proceedings.

8. In an effort to illuminate the present status of Neochrome as it affects service of process and jurisdiction, I requested the Clerk of the Court to attempt service by mail pursuant to Rule 4 (f) (2) (C) (ii) of the Federal Rules of Civil Procedure, and the Clerk mailed the summons and complaint to Neochrome at the French address contained in the distribution agreement on Nov. 10. Once that attempted service is completed, I will know better whether the Plaintiff will be able to proceed against Neochrome, and whether Salvadori's address may be obtained from Neochrrome. That will also affect the possibility of settlement of the action.

9. I respectfully suggest that Plaintiff has proceeded with due diligence in attempting to serve Defendants Neochrome and Salvadori, consistent with the facts and circumstances of this case. The delay to this point is largely the result of courtesy shown to Defendant Musicast in an effort to promote settlement prior to formal discovery, which did not cause any harm to Neochrome or Salvadori. In the event that circumstances prove that Plaintiff will be unable to proceed against either of these Defendants within a reasonable time, I respectfully suggest that any dismissal should rightly be without prejudice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:      New York, New York

           Nov. 18, 2016

                                          By: _____s/_____
                                              **Annemarie Franklin** (AF-3933)

                                              Annemarie Franklin, Esq.
                                              PO Box 1024 Cooper Station
                                              New York NY 10276-1024
                                              212-475-1630
                                              sdenim@nyc.rr.com

                                              *Attorney for Plaintiff*